Thomas, for the Appellants, International Longshore and Warehouse Union, and for Local 29. All right. Good morning. Eric Anderson, on behalf of Athelie Abram Rodriguez. All right. And I appreciate that I had that, that that happened the first time. You don't really need to do it that way. You can tell us when you come up if you'd like to. That'll be fine, too. I made sure you didn't lose any time by counsel come telling us his name. Thank you, Your Honor. I would like to reserve two minutes of that time for rebuttal. All right. Your Honor, this case is primarily, it's about an attorney who attempted to, excuse me, who attempted to leverage a cash settlement from defendants, from appellants, by threatening them with criminal liability based in part on his own client's conduct, it's number one. Number two, by suing opposing counsel for malpractice in the middle of the case below. And number three. He didn't sue. I mean, his client sued, didn't he? That's true. His client sued, but Mr. Anderson was, was the attorney on that case. And the issue, the issue with that particular aspect of the case, Your Honor, is not so much that the, the malpractice case itself, which is not a part of these proceedings, but it's the fact that Local 29 was forced to obtain new counsel in, in these proceedings because of the malpractice case, number one. And number two, in the spring of 2009, the, the malpractice case was also folded into Mr. Anderson's attempts to settle this case. What standard do we review the district court's decision under? It's for abuse of discretion with some qualifications. And number one is we, some qualifications. And where I'm going with that, Judge Smith, is that, um. My colleagues stole my question, so I wanted to make sure of your answer. Certainly. I, and I, I want to make sure everybody hears. The, um, we do have an issue, um, given the way the, uh, district court applied the standard in citing, uh, Henry Lettinen, is it, uh, it is an issue of, uh, um, interpretation of state, uh, you know, of state of California ethics rules, which that is reviewed de novo. Well, I guess I'm having a tough time with that. It seems to me that we're deciding whether to award sanctions under a statute, and I've got a clear case that says abuse of discretion, unless it's an erroneous view of the law or a clearly erroneous assessment of the evidence. And it's that way on both of these questions, both the award of sanctions under the statute and the award of sanctions under inherent power. And so I guess I'm trying to figure out, and maybe my colleague was also trying to figure out by asking the question, how I can say that this DJ who had all this stuff in front of him, uh, had all this opportunity to review what went on here, how this DJ was somehow so out of it that I can say they abused their discretion. Mm-hmm. Certainly, Your Honor. And... Especially when you've got to talk about subjective bad faith. Certainly. Two points then, Your Honor. The, um, number one is that, um, the district judge used the Leighton case as the standard, as a necessary standard for the application of sanctions. And that's not the way Leighton is written. That's number one. And number two, there are, again, on this necessity issue, the Ninth Circuit case law is clear that there are actually several ways to find subjective bad faith, and a primary one is the recklessness plus standard that's, there are, there's case law under both, uh, the inherent power of the court and section 1927. I remember at that time seeing how the district court used the Leighton case. I'm sure the Leighton case was cited, but not only did, uh, the judge cite Leighton, but also cited Fink. And as I understand it, the judge considered the arguments, acknowledged the evidence, and used the standard and said, no. That is what the judge said, Your Honor, but the, um, the, um, citations to, uh, Leighton are, are the primary source that the judge relies on. The judge actually quotes twice the sentence from Leighton about, um, conduct tantamount to bad faith includes conduct that is so outrageously improper, unprofessional, and unethical under any reading of the California's. Let me take you to that because I, I had kind of a difficult time with your overall argument. The February 6th email, he basically says his, uh, his client should have been allowed to serve, even though he had this conviction, he should have been allowed to serve as an officer. And as I best recall, he, he basically says there's been many individuals who have served as officers, uh, over the last 29 years who also have convictions. That is, that is what he said. Okay. And that, that, and, and he, he basically, as I best understood, uh, argued, hey, what's good for the goose is good for the gander. If, if my client was disqualified from serving as the president, these earlier people should have been disqualified from serving as president. And, and if the union allowed them to do that, they, uh, you know, if it's illegal for them to have allowed my client to do it, it would have been illegal for them to allow the earlier people to serve as officers. Now, I'm not sure he's right or wrong on that, but that wasn't pretty much the, the gist of what he was saying to your client. It's, um, it's a little different from that, Your Honor, that number one in, is that, um, his client, Mr. Rodriguez, was not denied an opportunity to serve as president. He was elected and he was recalled by the membership of Local 29 under the procedure set forth in the Local 29 Constitution. The issue of his Section 504 conviction came up during the International Union's investigation when Mr. Rodriguez had complained about certain improprieties. And it's in the record that the International Union concluded that given that Mr. Rodriguez had a Section 504 violation, they were not going to continue the investigation any further because it would have been unlawful for him to serve. But he was not removed from office because of that 504 conviction. And with that correction though, he basically is saying my, my guy should have been qualified to serve as a, as an officer. That's true, Your Honor. And however... Is that conduct so wildly out of bounds that, that, uh, you know, that he should be sanctioned for having made that, uh, communication to you? It's when he takes the next step and, um, hints, um, but very strongly hints that bad things could happen to Local 29 if this information were made public. And since Section 504 is not just a criminal violation for the person serving in office, it's also a criminal violation for the organization that allows him to serve and is a strict liability standard, that's where Local 29 had strong reason to be concerned. Now, no evidence was ever entered into the record of anyone else who may have had a Section 504 violation and served in office, but it was clear, certainly to, um, Rodriguez and to his attorney that, um, the unions did believe that, um, Mr. Rodriguez conviction was a Section 504 violation. And that by, by, uh, strongly hinting that bad things would happen, that it would be very dangerous, it would be very expensive for, uh, the unions, primarily for Local 29, if that information were made public, that's where the, the threat of imposing criminal liability comes in. And that's the behavior that we say is tantamount to bad faith and deserving of sanctions. I guess my biggest problem with this whole analysis under the discretion and infusing your reward, award for sanctions under the statute and coming down to the, even the sanctions on inherent power under the statute, BKB at 1106 says the court must make a finding of subjective bad faith, outlines what subjective bad faith is, and then air separations, which is at 45 Fed Third 291 says that we may even summarily deny a sanction if the district court implicitly indicates that it considered the contention. And I guess I'm trying to figure out why, when the district court absolutely considered the contention, why shouldn't just summarily deny then the appeal? Your Honor, from the, uh, from the, the, the very brief description that the district court gives of the contentions, um, it is certainly not clear from the record that the district court considered it. There is an, um, the argument about the malpractice case, for example, that the, um, we set out in our motion for sanctions that the district court simply gets wrong in its decision saying that we had, uh, we had argued that, um, Mr. Rodriguez and Mr. Anderson should be sanctioned because of the malpractice case that, that took place in a different court. That was not our argument. Okay. Thank you. Thank you, Your Honor. Thank you. You're well on your rebuttal time. Thank you. As the court correctly pointed out, the district court had an extensive record in front of it when it made its decision with respect to defendants motion for sanctions. And we do not believe that the district court abused its discretion under either of the standards in front of it. The first being 28 USC 1927, which is the court correctly points out, requires a subjective finding of bad faith. And secondly, sanctions were also not appropriate under the court's inherent powers since the district court did not find bad faith or conduct tantamount to bad faith. So you're saying to me then, even though I find your contract reprehensible, that I can't do anything about it because it's an abuse of discretion. Well, conduct which is reprehensible may give rise to sanctions if there's a subjective finding of bad faith. In this particular case, there was not. So even though I find it personally reprehensible what you did in this particular matter, given the conduct, and I don't want to lay it out here, you're just telling me, well, you're just stuck judge because the district court didn't. Well, I would disagree with any characterization that the conduct at issue was, was reprehensible. I really disagree, but that doesn't make any difference. I mean, it really doesn't make any difference. What, what you're really saying is doesn't matter what I think your conduct was, was about that. I'm stuck with what the district court did. What I'm saying, your honor, is that I believe the appropriate legal standard was applied and under that legal standard, sanctions would not be appropriate. Do you have any further questions? Do you have any questions, judge? Uh, no. I think that we need to remember that this is really an abuse of discretion standard and that the district court judge has a wide latitude in which to operate. All right. Thank you. Do you have any further argument? Just very briefly, your honors, that it, when you look closely at the district court's decision, while the district court did cite BKB and Fink versus Gomez, if you look at the last paragraph, it's clear that what the district court uses as a sanction, as a standard is, um, that sentence out of Leighton, which is not the standard. Thank you. Thank you. Case 0956915, Rodriguez versus International Longshore and Warehouse with Union Local 29 is submitted.
judges: Gwin, Fletcher B. , Smith N. R.